**Brad Scott KOHLER, Petitioner— Appellant,**

v.

**Charles HARRISON, Warden, Respondent—Appellee.**

No. 06–56684.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2007.

Filed Dec. 18, 2007.

Gabriele Mezger–Lashly, Esq., Procter McCarthy & Slaughter, LLP, Ventura, CA, for Petitioner–Appellant.

by 9th Cir. R. 36–3.

Suzann E. Papagoda, Esq., Ryan B. McCarroll, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: SILVERMAN, WARDLAW, and IKUTA, Circuit Judges.

MEMORANDUM *

Brad Kohler appeals the district court's denial of his petition for writ of habeas corpus. Kohler was convicted in the California Superior Court of two counts of lewd acts on children under fourteen years of age with whom he had substantial sexual contact, in violation of California Penal Code section 288(a). He was sentenced to two concurrent sentences of life in prison without parole consideration for at least 15 years on each count. The district court dismissed Kohler's habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

The California Court of Appeal adjudicated Kohler's Eighth Amendment claim on the merits. Its determination that Kohler's sentence was not grossly disproportionate to the severity of his crime was not contrary to, or an unreasonable application of, Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1); *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring in part and concurring in the judgment); *Rummel v. Estelle,* 445 U.S. 263,

271–74, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Accordingly, we must reject Kohler's claim that his sentence violated his Eighth Amendment rights. We must also reject Kohler's ineffective assistance of counsel claim, because it would have been fruitless for Kohler to object to his sentence on Eighth Amendment grounds. *See James v. Borg,* 24 F.3d 20, 27 (9th Cir.1994).

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.